**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | |
|---|---|
| ReliaStar Life Insurance Company, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Dakota Business Lending and Peterson Hospitality, LLC, | |
| Defendants. | |

Plaintiff ReliaStar Life Insurance Company ("ReliaStar"), for its Complaint against Defendants Dakota Business Lending and Peterson Hospitality, LLC alleges as follows:

## NATURE OF THE CAUSE OF ACTION

1. This is a straightforward action to recover funds erroneously paid by a life insurance company to two policy beneficiaries. Plaintiff ReliaStar insured Douglas Larsen (the "Insured"), an amateur pilot. The policy at issue excluded and/or limited claims payable in the event the Insured died while piloting an aircraft. Sadly, the Insured died while doing exactly that on October 1, 2023. Due to an administrative error, ReliaStar paid the policy's entire death benefit to the policy's three designated beneficiaries (including Defendants). Because Defendants are not entitled to retain more than the policy contract entitled them to receive as a result of the Insured's death in this manner, ReliaStar seeks to recover the excess amount(s) paid.

## PARTIES

2. Plaintiff ReliaStar Life Insurance Company is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

3.      Defendant Dakota Business Lending ("DBL") is a North Dakota corporation with its principal place of business in Fargo, North Dakota.

4.      Defendant Peterson Hospitality, LLC ("Peterson") is a North Dakota limited liability company with its principal place of business in Fargo, North Dakota. Upon information and belief, none of Peterson's LLC members are citizens of Minnesota for diversity purposes.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendants because they are organized under the laws of the State of North Dakota and conduct their primary business operations within the territorial boundaries of this Court's jurisdiction.

6.      There is complete diversity among the parties. Plaintiff is a citizen of Minnesota for diversity purposes, while Defendants are citizens of North Dakota. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1).

7.      This Court is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) and/or (3).

## FACTS

8.      On or about November 22, 2013, ReliaStar issued life insurance policy number AD20596250, which provided coverage on the Insured's life (the "Policy"). The Policy's stated death benefit was $5,100,000. A copy of the Policy's contract form is attached as Exhibit 1.

9.      The Policy included an "Aviation Exclusion Rider" (the "Rider," attached as Exhibit 2). The Rider provided that the Policy's coverage and death benefit would be limited "if the [I]nsured dies as a result of travel in or descent from any type of aircraft where the Insured [w]as a pilot or crew member." If the Insured died while acting in such a capacity, ReliaStar was only obligated to pay the Policy's beneficiaries "a sum equal to the greater of (1) The premiums

paid for the Coverage minus any partial surrenders or withdrawals taken on the policy on or before the date of the Insured's death; or (2) The reserve for the Coverage on the date of the insured's death."

10. The Insured died on October 1, 2023. As reflected in the Insured's death certificate (attached as Exhibit 3), the Insured died in Grand County, Utah while acting as the "[p]ilot of [a] small plane that crashed." The Insured was specifically noted as the aircraft's "Driver."

11. The Policy was in force on the date of the Insured's death.

12. Defendants were designated as beneficiaries of the Policy's death benefit.

13. Defendants submitted written claims to ReliaStar for their respective portions of the Policy's death benefit.

14. The total premiums paid while the Policy was in force amount to $40,524.00. The Policy was a term life insurance policy which held no cash value and from which no surrenders or withdrawals were taken.

15. The Policy's reserve for coverage value as of the date of the Insured's death was approximately $64,498.00.

16. Pursuant to the Rider, the maximum death benefit payable under the Policy was "the reserve for the Coverage on the date of the insured's death," or $64,498.00.

17. Due to an inadvertent administrative error, ReliaStar approved and paid Defendants' insurance claims without accounting for the Rider's limitation. Specifically, ReliaStar made payments to Defendants as follows:

| Date | Payee | Amount |
|------|-------|--------|
| 2/06/2024 | Dakota Business Lending | $1,802,285.57 |
| 2/06/2024 | Peterson Hospitality, LLC | $255,934.84 |

(the "Payments").

3

18. Shortly after tendering the Payments, ReliaStar discovered the aforementioned error. ReliaStar then provided written notice to Defendants alerting them of the error. Further, ReliaStar requested that Defendants refrain from spending or disposing of the funds that were erroneously paid, and demanded a return of such funds.

19. Defendants did not return the funds at issue.

20. Defendants were not entitled to receive, and are not entitled to retain any portion of the Payments above or in excess of the amount stated in the Rider.

**COUNT ONE**
**(Unjust Enrichment)**

21. ReliaStar hereby adopts and incorporates as if fully rewritten herein all the allegations set forth in the preceding paragraphs.

22. Defendants have been enriched as a result of the Payments, which constitute an impoverishment of ReliaStar. There is an absence of any justification for the enrichment or impoverishment. ReliaStar has no adequate remedy at law to recover the Payments. It would be inequitable for Defendants to retain the benefit conferred by ReliaStar and at ReliaStar's expense.

23. ReliaStar seeks restitution of the Payments, less any amount permitted under the Rider.

**COUNT TWO**
**(Money Had and Received)**

24. ReliaStar hereby adopts and incorporates as if fully rewritten herein all the allegations set forth in the preceding paragraphs.

25. Defendants are in possession of money which in equity belongs to ReliaStar and ought to be delivered to ReliaStar.

4

26.    ReliaStar seeks disgorgement and/or restitution of the subject monies from Defendants.

## PRAYER FOR RELIEF

27.    WHEREFORE, Plaintiff ReliaStar Life Insurance Company prays for the following relief against Defendants:

a.    A judgment entered against Defendants and in favor of Plaintiff on all claims asserted herein;

b.    An award of damages, the exact amount to be proven at trial, but no less than $2,058,220.41.

c.    An award against Defendants of pre- and post-judgment interest on any amounts awarded; and

d.    An award of such other or further legal or equitable relief that this Court may deem just.

Dated this 10th day of May, 2024.

/s/ Anthony Anderson
William P. Harrie (ND Bar ID: 04411)
Anthony Anderson (ND Bar ID: 08744)
Nilles Law Firm
P.O. Box 2626
Fargo, ND 58108-2626
Phone: 701-237-5544
wharrie@nilleslaw.com
aanderson@nilleslaw.com
*Attorneys for Plaintiff*
*ReliaStar Life Insurance Company*

5